UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTY GAUERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-01091-DGK |
| | ) | |
| GERDAU AMERISTEEL U.S. INC., | ) | |
| MOSES ARTIS, JR., and | ) | |
| DAN RICHARDS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO REMAND

This suit concerns alleged violations of the Missouri Human Rights Act by Defendants Gerdau Ameristeel U.S., Inc. ("Gerdau"), Charles Renner ("Renner"), and Moses Artis, Jr. ("Artis"). Plaintiff Christy Gauert ("Plaintiff") filed this action in the Circuit Court of Jackson County, Missouri, on August 25, 2016. On October 10, 2016, Defendant Renner removed this case on behalf of all defendants, invoking the Court's diversity jurisdiction. On October 25, 2016, Plaintiff voluntarily dismissed Renner.

Now before the Court is Plaintiff's Motion to Remand (Doc. 8). For the reasons set forth below, Plaintiff's motion is DENIED.

### Discussion

Plaintiff asserts remand is warranted because: (1) the voluntary dismissal of Defendant Renner renders the notice of removal ineffective; and (2) Defendant Artis did not timely consent to removal. These arguments are without merit.

1

**I.	The voluntary dismissal of Defendant Renner did not render the notice of removal ineffective, and the Court maintains jurisdiction over this matter.**

First, Plaintiff argues this matter must be remanded due to the voluntary dismissal of the removing defendant, Charles Renner, on October 25, 2016.  She argues that several district courts, including the Eastern District of Missouri, have held that remand may be appropriate upon either a change in the position of the parties or a claims change if no substantial commitment of judicial resources has yet occurred.  *See, e.g.*, *Rotermund v. United States Steel Corp.*, 346 F. Supp. 69, 76 (E.D. Mo. 1972).

A case falls within the court's original diversity jurisdiction if the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).  It is also well established that "the court's jurisdiction is measured either at the time an action is commenced, or more pertinent to this case, at the time of removal." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011).  Jurisdiction is determined at the time of removal, even though later events may have removed from the case the facts on which jurisdiction was predicated, including the dismissal of a defendant.  *Hargis v. Access Capital Funding, L.L.C.*, 674 F.3d 783, 789 (8th Cir. 2012).

Here, it is undisputed that at the time of removal: (1) Plaintiff was a citizen of Missouri at the time the cause of action arose, *see* Pl.'s Pet. ¶ 6.; (2) Gerdau was a Florida corporation registered and authorized to conduct business in the State of Missouri, *id.* ¶ 7; (3) Defendants Renner, Artis, and Richards were residents of the State of Kansas, *id.* ¶¶ 8, 10; Polly Decl. ¶ 10 (Doc. 1-2); and (4) the amount in controversy was believed in good faith to exceed $75,000, *see id.* ¶¶ 5, 90.  Under these facts, diversity jurisdiction still exists.  The dismissal of Charles Renner as a defendant does not destroy diversity in this case, and his dismissal is immaterial

because removal was appropriate at the time of the motion.

Accordingly, the Court maintains jurisdiction over this matter.

## II. The consent requirement of 28 U.S.C. § 1446 was timely satisfied.

Plaintiff next argues that removal was improper because Defendant Renner and his counsel failed to obtain the consent of Defendant Artis. On October 5, 2016, Attorney Barrett represented Artis and stated that he would not consent to removal, but anticipated he would soon cease to represent Artis. On the day of the filing, October 10, 2016, Barrett stated he was anticipating a substitution of counsel for Artis, but had not yet seen it. Given these facts, Plaintiff argues Littler Mendelson did not represent Artis, nor have the authority to consent on his behalf, when counsel filed for removal on October 10th.

In civil actions removed under 28 U.S.C. § 1441(a), all defendants properly joined and served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A). The Eighth Circuit has advised non-removing defendants to sign the notice of removal or file a timely consent should they wish to join in or consent to removal. *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 933 (8th Cir. 2012). The unanimity of consent requirement may also be satisfied if a defendant, or some person with authority to act on the defendant's behalf, consents to removal and the removal is timely. *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008). An attorney has the authority to act on a client's behalf in consenting to removal. *See id.* Even where a removing defendant does not expressly manifest consent initially, he may later file an indication of his consent, mitigating any concerns regarding his codefendant's authority to have consented on his behalf. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.,* 785 F.3d 1182, 1188 (8th Cir. 2015).

Here, Artis filed a declaration on November 11, 2016, stating under penalty of perjury that he was represented by Littler on the date of removal and had authorized his consent. The Court thus finds Littler had the authority to act on Artis's behalf at the time of filing, and the consent requirement of 28 U.S.C. § 1446 was timely satisfied.

**Conclusion**

The Court finds that diversity jurisdiction exists and Artis's consent was properly and timely manifested. Accordingly, Plaintiff's Motion to Remand (Doc. 8) is DENIED. Plaintiff's request for attorney's fees is also DENIED. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

**IT IS SO ORDERED.**

Dated: May 1, 2017

/s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT